

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. M. Whiteacre
County Auditor
Sherman, Texas

Dear Sir:

Opinion No. O-2025
Re: Whether warranty deed must
bear note stamps under con-
ditions set forth.

In your letter of June 15, 1940, you submit to us the following fact situation:

"A owns a lot and executes a Mechanic's
Lien to B for $3100.00 and State stamps for
$2.90 are attached to Mechanic's Lien. When
this house is completed, B executes a release
for the Mechanic's Lien Note. A then sells
house and lot to C by Warranty Deed for a
consideration of $400.00 cash and a Vendor's
Lien note for $3100.00 which Vendor's lien
note is taken up by F. H. A. Deed of Trust."

Your request our opinion as to whether such war-
ranty deed must be stamped before it is entitled to record
under the terms of Art. 7047e, Vernon's Civil Statutes,
reading in part as follows:

"(a) Except as herein otherwise provided
there is hereby levied and assessed a tax of
Ten (10%) Cents on each One Hundred ($100.00)
Dollars or fraction thereof, over the first
Two Hundred ($200.00) Dollars, on all notes and
obligations secured by chattel mortgage, deed of
trust, mechanic's lien contract, vendor's lien,
conditional sales contract and all instruments of
a similar nature which are filed or recorded in
the office of the County Clerk under the Registration
Laws of this State; provided that no tax shall be
levied on instruments securing an amount of Two
Hundred ($200.00) Dollars, or less. After the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable case value of all propertypledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, provided further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaheously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. * * *"

The facts presented to us show that the mechanic's lien was released, and we presume that the obligation secured by such lien was also released. This negatives the impression which otherwise might be obtained that the vendor's lien note was given in extension or renewal of the mechanics lien note. As the facts are related to us the deed should be stamped in accordance with the above Act.

Yours very truly

APPROVED JUN 20, 1940

(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By

(s) Glenn R. Lewis
Assistant